UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SAM DONAGHE,

    Plaintiff,

v.

DORIAN DIAZ, et al.,

    Defendants.

CASE NO. C16-5123 BHS-KLS

ORDER TO SHOW CAUSE OR TO AMEND

Before the Court is Plaintiff Sam Donaghe's proposed civil rights complaint. Dkt. 7. Plaintiff has been granted leave to proceed *in forma pauperis*. Dkt. 6. The Court has determined that it will not direct service of plaintiff's complaint at this time because it is deficient. However, plaintiff will be given an opportunity to show cause why his complaint should not be dismissed or to file an amended complaint **by April 15, 2016**.

**BACKGROUND**

Plaintiff is a resident at the Special Commitment Center (SCC). He seeks to sue Dorian Diaz, SCC Investigator; Cathi Harris, former SCC Superintendent; Heather Sacha, SCC IT Supervisor; and, "Corporate Monopoly." Dkt. 7. He sues for the theft and destruction of his personal computer and "irreplaceable pro se legal work product" by unidentified SCC staff on "June 12, 2012 and subsequent dates." He further claims that SCC staff members Diaz and Jeff

Cutshaw violated his rights when they seized him, searched his room, and searched his computer. He contends that Defendant Sacha lied about the reasons the computer was taken and Defendant Harris, as supervisor, was responsible for Defendant Diaz's actions. *Id.*, at 2-3.

Plaintiff further alleges that computers allowed at the SCC are "severely modified" and that SCC residents are forced to buy computers from only one company. He alleges that SCC staff is allowed to review and copy all of his legal work and that their access to his medical records "violates HIPPA law." *Id.*, at 4. He also alleges that defendants have violated his "zone of privacy." *Id.*

A review of the Court's records reflect that plaintiff previously brought a claim alleging that in December 2013, SCC staff destroyed his computer and computer equipment. Plaintiff voluntarily withdrew that complaint and the case was dismissed without prejudice. Dkt. 15 in Case No. 13-6040 RJB.

**DISCUSSION**

The Court declines to serve the complaint because it contains fatal deficiencies that, if not addressed, might lead to a recommendation of dismissal of the entire action for failure to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(b)(ii), 1915A(b)(1).

Plaintiff's complaint is brought under § 1983. To state a claim under § 1983, a plaintiff must allege facts showing (1) the conduct about which he complains was committed by a person acting under the color of state law; and (2) the conduct deprived him of a federal constitutional or statutory right. *Wood v. Ostrander*, 879 F.2d 583, 587 (9th Cir. 1989). In addition, to state a valid § 1983 claim, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant, and he must allege an affirmative link between the injury and the conduct of that defendant. *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

**A.     Statute of Limitations**

In his complaint, plaintiff seeks relief for the theft of his computer that allegedly occurred four years ago in 2012.

The Civil Rights Act, 42 U.S.C. § 1983, contains no statute of limitations. As such, the statute of limitations from the state cause of action most like a civil rights act is used. In Washington, a plaintiff has three years to file an action. *Rose v. Rinaldi*, 654 F.2d 546 (9th Cir.1981); RCW 4.16.080(2). Federal law determines when a civil rights claim accrues. *Tworivers v. Lewis*, 174 F.3d 987, 991 (9th Cir.1999). A claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action. *Kimes v. Stone*, 84 F.3d 1121, 1128 (9th Cir.1996); see also *Knox v. Davis*, 260 F.3d 1009, 1013 (9th Cir.2001), quoting *Tworivers*, 174 F.3d at 992. The proper focus is upon the time of the discriminatory acts, not upon the time at which the consequences of the acts became most painful. *Abramson v. Univ. of Hawaii*, 594 F.2d 202, 209 (9th Cir.1979). Although the statute of limitations is an affirmative defense that normally may not be raised by the court *sua sponte*, it may be grounds for *sua sponte* dismissal of an *in forma pauperis* complaint where the defense is complete and obvious from the face of the pleadings or the court's own records. See *Franklin v. Murphy,* 745 F.2d 1221, 1228–30 (9th Cir.1984).

From the allegations stated in plaintiff's complaint, it appears plaintiff had actual notice in June 2012 of the search and alleged theft of his computer and legal work. Therefore, plaintiff should show cause why his claims are timely and why they should not be dismissed.

**B.     Access to Courts**

In *Bounds v. Smith*, 430 U.S. 817, 97 S. Ct. 1491, 52 L. Ed. 2d 72 (1977), the United States Supreme Court held that inmates possess a fundamental constitutional right of access to courts in order to contest the fact, duration and conditions of their confinement. *Id.* at 822-23.

ORDER TO SHOW CAUSE OR TO AMEND- 3

1 In *Lewis v. Casey*, 518 U.S. 343 (1996), the Supreme Court explained that the "Constitution does
2 not require that prisoners be able to conduct generalized research," but rather, "[t]he tools it
3 requires to be provided are those that the inmates need in order to attack their sentences, directly
4 or collaterally, and in order to challenge the conditions or their confinement." *Id.* at 355, 360.

5       To establish a violation of the right of access to courts, plaintiff must plead facts showing
6 that he has suffered actual injury. Actual injury results from "some specific instances in which
7 an inmate was actually denied access to the courts." *Sands v. Lewis,* 886 F.2d 1166, 1170-71
8 (9th Cir. 1989). This allegation of injury applies equally to civil detainees. *See e.g., Jones v.
9 Blanas,* 393 F.3d 918 (9th Cir. 2004) (applying "actual injury" requirement in access to courts
10 claim of civil detainee).

11       Plaintiff alleges only that the computers at SCC are "severely modified." He does not
12 allege how this violates his constitutional rights or how this has caused him actual injury.
13 Plaintiff is given leave to amend his complaint to add allegations specific to this claim.

14 **C.    Corporate Monopoly**

15       Plaintiff alleges SCC residents are forced to buy computers from only one company and
16 names "Corporate Monopoly One participant to be named" as a proposed defendant. As noted
17 above, a Section 1983 claim can only be brought against a person acting under color of state law.
18 Plaintiff provides no facts from which it can be discerned that his constitutional rights are being
19 violated by any state actor. He should show cause why this claim should not be dismissed.

20 **D.    Privacy – Legal Work and Medical Records**

21       Although his complaint is unclear, it appears plaintiff is complaining that defendants'
22 access to his mail and medical records violates his constitutional right to privacy. He also claims
23 that defendants' handling of his medical records violates the Health Insurance Portability and
24 Accountability Act (HIPAA).

Plaintiff alleges that SCC staff is allowed to review and copy all of his legal work. He does not identify when or where this occurred, what was reviewed, who reviewed what, or how this has violated his constitutional rights. Plaintiff may file an amended complaint to plead additional facts.

As to his medical records, plaintiff alleges only that defendants' access to his medical records violates "HIPPA [sic] law." Plaintiff has no private right of action under HIPAA for a claim against SCC for disclosure or use of his medical records. *See, e.g., Seaton v. Mayberg,* 610 F.3d 530, 533 (9th Cir. 2010) (citing *Webb v. Smart Document Solutions, LLC,* 499 F.3d 1078 (9th Cir. 2007)). In addition, plaintiff generally has no constitutionally protected expectation of privacy in his treatment records when the state has a legitimate penological interest in access to the records. *Id.* at 534. Plaintiff has not identified when, where, by whom, or for what purpose his medical records are being accessed. He may file an amended complaint to plead additional facts.

## CONCLUSION

Due to the deficiencies described above, the Court will not serve the complaint. Plaintiff may show cause why his complaint should not be dismissed or may file an amended complaint to cure, if possible, the deficiencies noted herein, **on or before April 15, 2016.** If an amended complaint is filed, it must be legibly rewritten or retyped in its entirety and contain the same case number. Any cause of action alleged in the original complaint that is not alleged in the amended complaint is waived. *Forsyth v. Humana, Inc.,* 114 F.3d 1467, 1474 (9th Cir. 1997) *overruled in part on other grounds, Lacey v. Maricopa County,* 693 F.3d 896 (9th Cir. 2012).

The Court will screen the amended complaint to determine whether it states a claim for relief cognizable under 42 U.S.C. 1983. If the amended complaint is not timely filed or fails to adequately address the issues raised herein, the Court will recommend dismissal of this action.

1     **The Clerk is directed to send Plaintiff the appropriate forms for filing a 42 U.S.C.**

2 **1983 civil rights complaint and for service, a copy of this Order and the Pro Se Information**

3 **Sheet.**

4     **DATED** this 17th day of March, 2016.

*Karen L. Strombom*
Karen L. Strombom
United States Magistrate Judge

ORDER TO SHOW CAUSE OR TO AMEND- 6