UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SAM DONAGHE,

                Plaintiff,

   v.

DORIAN DIAZ, et al.,

                Defendants.

No. C16-5123 BHS-KLS

**REPORT AND RECOMMENDATION**
**Noted For: September 30, 2016**

On March 17, 2016, the Court declined to serve Plaintiff Sam Donaghe's civil rights complaint (Dkt. 7) because of several noted deficiencies. Dkt. 8. However, the Court granted Mr. Donaghe leave to file an amended complaint to cure the deficiencies or to show cause why his complaint should not be dismissed by April 15, 2016. Dkt. 8. Mr. Donaghe has failed to file an amended complaint or respond to the Court's Order.

The undersigned recommends that this action be dismissed without prejudice prior to service because plaintiff has failed to state a claim under 42 U.S.C. § 1983 and has failed to properly respond to this Court's Order.

**DISCUSSION**

Plaintiff is a resident of the Special Commitment Center (SCC) in Steilacoom, Washington. In his § 1983 complaint, he seeks to sue Dorian Diaz, SCC Investigator; Cathi Harris, former SCC Superintendent; Heather Sacha, SCC IT Supervisor; and, "Corporate

REPORT AND RECOMMENDATION - 1

Monopoly." Dkt. 7. He sues for the theft and destruction of his personal computer and "irreplaceable pro se legal work product" by unidentified SCC staff on "June 12, 2012 and subsequent dates." He further claims that SCC staff members Diaz and Jeff Cutshaw violated his rights when they seized him, searched his room, and searched his computer. He contends that Defendant Sacha lied about the reasons the computer was taken and Defendant Harris, as supervisor, was responsible for Defendant Diaz's actions. *Id.*, at 2-3.

Plaintiff further alleges that computers allowed at the SCC are "severely modified" and that SCC residents are forced to buy computers from only one company. He alleges that SCC staff is allowed to review and copy all of his legal work and that their access to his medical records "violates HIPPA law." *Id.*, at 4. He also alleges that defendants have violated his "zone of privacy." *Id.*

A review of the Court's records reflect that plaintiff previously brought a claim alleging that in December 2013, SCC staff destroyed his computer and computer equipment. Plaintiff voluntarily withdrew that complaint and the case was dismissed without prejudice. Dkt. 15 in Case No. 13-6040 RJB.

**DISCUSSION**

Plaintiff's complaint is brought under § 1983. To state a claim under § 1983, a plaintiff must allege facts showing (1) the conduct about which he complains was committed by a person acting under the color of state law; and (2) the conduct deprived him of a federal constitutional or statutory right. *Wood v. Ostrander*, 879 F.2d 583, 587 (9th Cir. 1989). In addition, to state a valid § 1983 claim, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant, and he must allege an affirmative link between the injury and the conduct of that defendant. *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

REPORT AND RECOMMENDATION - 2

**A.     Statute of Limitations**

In his complaint, dated February 16, 2016, plaintiff seeks relief for the theft of his computer that allegedly occurred four years ago in 2012.

The Civil Rights Act, 42 U.S.C. § 1983, contains no statute of limitations. As such, the statute of limitations from the state cause of action most like a civil rights act is used.  In Washington, a plaintiff has three years to file an action.  *Rose v. Rinaldi*, 654 F.2d 546 (9th Cir.1981); RCW 4.16.080(2).  Federal law determines when a civil rights claim accrues. *Tworivers v. Lewis*, 174 F.3d 987, 991 (9th Cir.1999).  A claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action.  *Kimes v. Stone*, 84 F.3d 1121, 1128 (9th Cir.1996); see also *Knox v. Davis*, 260 F.3d 1009, 1013 (9th Cir.2001), quoting *Tworivers*, 174 F.3d at 992. The proper focus is upon the time of the discriminatory acts, not upon the time at which the consequences of the acts became most painful.  *Abramson v. Univ. of Hawaii*, 594 F.2d 202, 209 (9th Cir.1979).  Although the statute of limitations is an affirmative defense that normally may not be raised by the court *sua sponte*, it may be grounds for *sua sponte* dismissal of an *in forma pauperis* complaint where the defense is complete and obvious from the face of the pleadings or the court's own records.  See *Franklin v. Murphy,* 745 F.2d 1221, 1228–30 (9th Cir.1984).

From the allegations stated in his complaint, it appears plaintiff had actual notice in June 2012, of the search and alleged theft of his computer and legal work.  He did not, however, file his complaint until February 16, 2016, approximately three years and eight months after the loss of his computer and legal work.  Therefore, plaintiff was ordered to show cause why his claims are timely and why they should not be dismissed.  He has failed to do so.

//

REPORT AND RECOMMENDATION - 3

**B.      Access to Courts**

In *Bounds v. Smith*, 430 U.S. 817 (1977), the United States Supreme Court held that inmates possess a fundamental constitutional right of access to courts in order to contest the fact, duration and conditions of their confinement. *Id.* at 822-23.  In *Lewis v. Casey*, 518 U.S. 343 (1996), the Supreme Court explained that the "Constitution does not require that prisoners be able to conduct generalized research," but rather, "[t]he tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions or their confinement." *Id.* at 355, 360.

To establish a violation of the right of access to courts, plaintiff must plead facts showing that he has suffered actual injury.  Actual injury results from "some specific instances in which an inmate was actually denied access to the courts."  *Sands v. Lewis,* 886 F.2d 1166, 1170-71 (9th Cir. 1989).  This allegation of injury applies equally to civil detainees.  *See e.g., Jones v. Blanas,* 393 F.3d 918 (9th Cir. 2004) (applying "actual injury" requirement in access to courts claim of civil detainee).

Plaintiff alleges only that the computers at SCC are "severely modified."  He does not allege how this violates his constitutional rights or how this has caused him actual injury.  Plaintiff was given leave to amend his complaint to add allegations specific to this claim but he has failed to do so.

**C.      Corporate Monopoly**

Plaintiff alleges SCC residents are forced to buy computers from only one company and names "Corporate Monopoly One participant to be named" as a proposed defendant.  As noted above, a Section 1983 claim can only be brought against a person acting under color of state law.  Plaintiff provided no facts from which it could be discerned that his constitutional rights are

REPORT AND RECOMMENDATION - 4

being violated by any state actor. He was granted leave to show cause why this claim should not be dismissed, but he has failed to do so.

**D.     Privacy – Legal Work and Medical Records**

Although his complaint is unclear, it appears plaintiff is complaining that defendants' access to his mail and medical records violates his constitutional right to privacy. He also claims that defendants' handling of his medical records violates the Health Insurance Portability and Accountability Act (HIPAA).

As to his legal work, plaintiff alleges that SCC staff is allowed to review and copy all of his legal work. He does not identify when or where this occurred, what was reviewed, who reviewed what, or how this has violated his constitutional rights. As to his medical records, plaintiff alleges only that defendants' access to his medical records violates "HIPPA [sic] law." Plaintiff has no private right of action under HIPAA for a claim against SCC for disclosure or use of his medical records. *See, e.g., Seaton v. Mayberg,* 610 F.3d 530, 533 (9th Cir. 2010) (citing *Webb v. Smart Document Solutions, LLC,* 499 F.3d 1078 (9th Cir. 2007)). In addition, plaintiff generally has no constitutionally protected expectation of privacy in his treatment records when the state has a legitimate penological interest in access to the records. *Id.* at 534.

Plaintiff was granted leave to plead additional facts regarding these claims, but he has failed to do so.

## CONCLUSION

This Court granted plaintiff an opportunity to state a viable constitutional claim and provided him with sufficient instructions to allow him to do so. He has failed to do so and therefore, this action should be dismissed.

REPORT AND RECOMMENDATION - 5

1  Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil
2  Procedure, the parties shall have fourteen (14) days from service of this Report to file written
3  objections.  See also Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those
4  objections for purposes of appeal.  *Thomas v Arn*, 474 U.S. 140 (1985).  Accommodating the
5  time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on
6  **September 30, 2016,** as noted in the caption.

   **DATED** this 14th day of September, 2016.

                                    Karen L. Strombom
                                    United States Magistrate Judge

REPORT AND RECOMMENDATION - 6